IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROBERT SIMPSON EVANS, JR., )
)
      Petitioner, )
)
) No. CIV-16-398-M
v. )
)
JOE M. ALLBAUGH, Interim Director, )
Oklahoma Department of Corrections, )
)
      Respondent. )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the conviction for Murder in the First Degree by Child Abuse entered against him in the District Court of Comanche County, Oklahoma, Case No. CF-1996-454. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed.

I. Background

In this action, Petitioner is challenging his conviction for Murder in the First Degree by Child Abuse entered following a jury trial. Petitioner was sentenced for this conviction to a term of life imprisonment. Petitioner appealed and the Oklahoma Court of Criminal Appeals issued an opinion affirming the judgment and sentence on January 11, 2002.

Several years later, in September 2015, Petitioner filed an application for post-conviction relief in the District Court of Comanche County, Case No. CF-1996-454, in which

1

Petitioner asserted that he had been denied his Sixth Amendment right to effective assistance of trial and appellate counsel. Petition, Exs. 3, 4. The district court denied the application, and the Oklahoma Court of Criminal Appeals affirmed the decision. Petition, Exs. 2, 10.

Taking judicial notice of the Court's own records, Petitioner previously sought habeas relief in this Court pursuant to 28 U.S.C. § 2254 challenging his conviction in Case No. CF-1996-454. In a Report and Recommendation entered November 21, 2002, former United States Magistrate Judge Argo recommended that the claim asserted in the habeas action be denied.[1] Robert Simpson Evans, Jr. v. Charles Ray, Warden, Case No. CIV-02-501-M (Report and Recommendation, Nov. 21, 2002)(Argo, M.J.).

In an Order entered December 13, 2002, United States District Judge Miles-LaGrange adopted the Report and Recommendation and denied habeas relief. Petitioner appealed this decision. On December 3, 2004, the Tenth Circuit Court of Appeals affirmed Judge Miles-LaGrange's decision. Evans v. Ray, 390 F.3d 1247 (10th Cir. 2004).

Petitioner has now filed this second 28 U.S.C. § 2254 habeas action challenging his conviction in Case No. CF-1996-454. As grounds for habeas relief, Petitioner contends that he was denied his Sixth Amendment right to effective assistance of appellate counsel due to

---

[1]Petitioner's sole claim was that the retroactive application of the Oklahoma Court of Criminal Appeals' decision in Fairchild v. State, 998 P.2d 611 (Okla. Crim. App. 1999), which he contended changed the mens rea element of Oklahoma's child abuse murder statute from specific to general intent, during his trial violated ex post facto principles guaranteed to him under the Due Process Clause of the Fourteenth Amendment. Judge Argo found that in affirming Petitioner's conviction the Oklahoma Court of Criminal Appeals neither "arrived at a conclusion opposite to that reached by the Supreme Court on a question of law," nor "unreasonably applied the governing legal principle to the facts of the prisoner's case," and therefore recommended the petition should be denied.

his appellate counsel's failure to raise certain issues in his direct appeal.

II. Screening Requirement for Habeas Petitions

The Court is required to review habeas petitions promptly and to dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, United States Supreme Court Rules Governing Section 2254 Cases in the United States District Courts. Additionally, courts are obliged to examine their jurisdiction sua sponte and dismiss any action where subject-matter jurisdiction is lacking. *See* Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006)(holding that courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party" and "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety").

III. Second or Successive Petition Under Section 2254

Title 28 U.S.C. § 2244 provides that:

> [b]efore a second or successive application [under 28 U.S.C. § 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A). Absent such authorization to file a second or successive § 2254 petition, "[a] district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim." In re Cline, 531 F.3d 1249, 1251 (10th Cir.2008)(*per curiam*). "When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court

. . . or it may dismiss the . . . petition for lack of jurisdiction." Id. at 1252.

Because the previous disposition of Petitioner's § 2254 petition challenging the first degree murder conviction and sentence entered in Case No. CRF-1996-454 was on the merits, the instant Petition is successive. Absent prior authorization from the Tenth Circuit Court of Appeals, this Court lacks jurisdiction to consider the merits of the claims asserted in the Petition. 28 U.S.C. § 2244(b)(3). In this instance, the Court may consider the interest of justice in determining whether to transfer the Petition to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 or dismiss the action. "Where there is no risk that a meritorious successive claim will be lost absent a [28 U.S.C.] § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the appellate] court for authorization." In re Cline, 531 F.3d at 1252.

In this case, it would not further the interest of justice to transfer the matter to the Tenth Circuit Court of Appeals because Petitioner cannot satisfy the requirements of 28 U.S.C. § 2244(b)(2) to obtain authorization to proceed with a second habeas petition.

By law, an application to proceed with a second or successive habeas petition that presents a claim or claims not presented in a previous application

> shall be dismissed unless . . . the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or . . . the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and . . . the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

4

28 U.S.C. § 2244(b)(2)(A)-(B).

As presented in his Petition, Petitioner's sole ground for habeas relief is a claim directed to the constitutional sufficiency of his appellate counsel's advocacy in his direct appeal. The basis for the claim is not clear from the Petition itself. Petitioner asserts that his "[a]ppellate counsel raised an ex post facto argument, on direct appeal . . . while missing countless, plain, and obvious errors that w[ere] committed by the trial counsel," and "the Court of Criminal Appeals, recharacterized the appeal for the purpose of denying the appeal, while failing to address the issues raised." Petition, at 5.

If Petitioner is alleging that his appellate counsel should have asserted a claim of ineffective assistance of trial counsel, Petitioner has not provided any facts from which to evaluate such a claim. In Petitioner's recent post-conviction proceeding in the state courts, his allegations were also void of any factual foundation. Petitioner appeared to be arguing that the homicide of which he was convicted was an "accident" or the fault of a "hot water heater," but he does not provide a sufficient factual basis for any constitutional claim. As the Oklahoma Court of Criminal Appeals described his claims, Petitioner alleged that "the jury instructions were in plain error," "the sentence is illegal," and "the prosecutor engaged in prosecutorial misconduct." Petition, Ex. 10 (Evans v. State, No. PC-2015-1140, Order Affirming Denial of Application for Post-Conviction Relief), at 1.

Petitioner's ineffective assistance of appellate counsel claim does not rely on a new rule of constitutional law or a factual predicate that he could not have discovered previously by exercising due diligence. Nor does Petitioner present facts underlying his claim or claims

5

that are sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable juror would have found him guilty of the First Degree Murder offense.

Moreover, the interest of justice would not be furthered by a transfer of the Petition to the Tenth Circuit Court of Appeals because the one-year limitations period prescribed by 28 U.S.C. § 2244(d) for filing a habeas action expired many years prior to the date on which Petitioner filed the instant Petition. Petitioner's post-conviction application, which was filed in September 2015, some 13 years after his conviction became final under 28 U.S.C. §2244(d)(1)(A),[2] does not toll the running of the one-year limitations period. See Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001)(state court post-conviction application filed after limitations period expired does not toll running of limitations period under §2244(d)(2)). Additionally, Petitioner has not shown any exceptional circumstances that would warrant the equitable tolling of the limitations period for the 13 year period since his conviction became final in 2002. See Holland v. Florida, 560 U.S. 631, 645 (2010)(limitations period may be equitably tolled in extraordinary circumstances); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir 2000)(limitations period is subject to equitable tolling in "rare and exceptional circumstances").

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] expiration of the statute of limitations." McQuiggin v. Perkins, __ U.S. __, 133 S.Ct. 1924,

---

[2] The Oklahoma Court of Criminal Appeals issued its decision in Petitioner's direct appeal on January 11, 2002. His conviction became "final" under 28 U.S.C. § 2244(d)(1)(A) ninety days later, on April 11, 2002. See S.Ct. R. 13.1(party has 90 days after entry of judgment to file petition for writ of certiorari).

6

1928 (2013). However, such tolling of the limitations period for actual innocence is appropriate only in rare instances in which the petitioner shows that "'in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). See House v. Bell, 547 U.S. 518 (2006)(actual innocence claims require "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial")(quotation omitted).

Petitioner has not alleged that he is actually innocent. Even if his pleadings could be interpreted as alleging such a claim, Petitioner has provided no new evidence that was not presented at his trial to support such a claim, and he has not shown that in light of such new evidence a reasonable juror would not have found him guilty of the murder offense beyond a reasonable doubt. Consequently, Petitioner's claim of ineffective assistance of appellate counsel and any underlying claims that he presented in his state court post-conviction proceeding would be subject to dismissal on the basis of the expiration of the one-year limitations period in 28 U.S.C. § 2244(d).

Because Petitioner's claims do not satisfy the requirements of 28 U.S.C. § 2244(b)(2) and Petitioner's claims would be subject to dismissal as untimely, "there is no risk that a meritorious successive claim will be lost" absent a transfer to the appellate court. In re Cline, 531 F.3d at 1252. The Petition should therefore be dismissed without prejudice to refiling rather than transferred to the Tenth Circuit Court of Appeals.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED without prejudice to refiling. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by __May 31st__, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __11th__ day of __May__, 2016.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE